UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRISTOPHER BOULLE,

        Defendant.
_____/

Case No. 22-mj-30519

HON. CURTIS IVY, JR.
United States Magistrate Judge

**AMENDED ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION TO DETERMINE DEFENDANT'S COMPETENCY FOR FURTHER PROCEEDINGS**

On December 8, 2022, the U.S. Attorney's Office filed a criminal complaint against the Defendant, Mr. Boulle, alleging he committed three violations of federal law: 18 U.S.C. § 924(c), 18 U.S.C. § 922(g), and 21 U.S.C. § 841(a)(1). On December 22, 2022, at the initial appearance the government moved for detention and Defendant consented to detention. On March 9, 2023, Defense counsel filed a Motion for a Competency Evaluation pursuant to 18 U.S.C. §4241(a). (R. 11)

In his Motion counsel states that;

    a. he met with Defendant on multiple occasions at the jail where he is housed and that during those meetings Defendant's behavior was erratic and also exhibited major depressive episodes;

1

    b. prior to the instant federal case, Defendant was on probation supervision under the mental health court docket in Genesee County Circuit Court due to mental health issues;

    c. Defendant has been hospitalized in the past due to his mental health;

    d. The attorney-client conversation at the jail when combined with Defendant's prior mental health history and current state court supervision on the mental health court docket have led counsel to believe that his client is suffering from a mental illness that renders him incompetent to understand or assist in the judicial proceedings against him.

Based on the defendant's motion, the Court concludes that reasonable cause exists to believe that defendant may presently be suffering from a mental disease or defect that has rendered him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense.

Accordingly, the Court **ORDERS**, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b) and (c), that:

    (1) defendant be committed for examination for a reasonable time, not to exceed 30 days, at a suitable facility, to be determined by the Attorney General;

(2)     the examination shall include both a psychiatric and a psychological examination of defendant, and that evaluation shall be conducted by a licensed psychologist or psychiatrist;

(3)     a report shall be prepared and submitted to this Court, with copies provided to counsel for defendant and the government, which will include:

     a.     defendant's history and present symptoms, if any;

     b.     a description of the psychiatric, psychological or medical tests that were employed and their results;

     c.     the name of the examiner and his/her findings as to competency to proceed, as well as the examiner's opinions as to diagnosis and prognosis;

     d.     a determination as to whether defendant presently suffers from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

(4)     the report be submitted to this Court so that a hearing may be conducted pursuant to 18 U.S.C. § 4247(d) to determine defendant's competency to assist with his own defense in further proceedings

        before the court; the hearing will be held on August 17, 2023, at 1:30 PM, or at such other time as may be scheduled;

(5)    the United States Marshal's Service shall take defendant into custody pursuant to the terms of this Order and shall promptly and expeditiously transfer him to a suitable facility, to be determined by the Attorney General, and that the United States Marshal's Service shall do this as quickly as reasonably possible so as to minimize the period during which defendant must travel to, be confined in, and be returned from the facility where such examination will be conducted; and

(6)    the time period associated with this determination, from the filing date of this Order through and including the date on which a final determination is made regarding defendant's competency to stand trial, shall be excluded under the Speedy Trial Act pursuant to the terms of 18 U.S.C. § 3161(h)(1)(A).

**IT IS SO ORDERED**

The parties to this action may object to and seek review of this Order but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P.

72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Dated: March 13, 2023

_____
HON. CURTIS IVY, JR.
United States Magistrate Judge